JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | CV 20-04628-AB (AGRx) | Date: | July 13, 2020 |
|---|---|---|---|

| Title: | *Miguel Rodriguez v. FCA US LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER **GRANTING** MOTION FOR REMAND

Before the Court is Plaintiff Miguel Rodriguez's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 9). Defendant FCA US LLC ("Defendant") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for July 17, 2020. The Motion is **GRANTED**.

### I.   DISCUSSION

Plaintiff filed this lemon law action in state court and Defendant removed it based upon diversity jurisdiction. Plaintiff now moves for remand, arguing that the removal was untimely because it occurred more than 30 days after it was apparent that the case was removable. Plaintiff also argues that Defendant failed to establish diversity of citizenship. The Court address each ground in turn.

**A. The Removal Was Timely.**

A defendant must remove a case within thirty days of receiving a copy of the complaint, or if the matter is not removable based on the complaint, within thirty days of receiving "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The first thirty-day window is triggered by a defendant's receipt of an "initial pleading" that reveals a basis for removal. 28 U.S.C. § 1446(b)(1). This first thirty-day period for removal only applies if the case stated by the initial pleading is removable on its face: removability is determined by the contents of "the four corners of applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Plaintiff contends that the amount on controversy was apparent from the initial Complaint because although it did not allege the purchase price of the vehicle, it did allege its model year, date of purchase, and VIN number. Plaintiff states that Defendant could have used this information determine the purchase price and thus the amount in controversy. Plaintiff also asserts that, in February 2020, it provided information regarding warranty repairs in discovery, from which Defendant could have ascertained the amount in controversy. Defendant did not remove until May 22, 2020 – more than 30 days after either event.

Given that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry," *Harris*, 425 F.3d at 694, Plaintiff's argument that Defendants could have determined the amount in controversy by conducting an investigation necessarily fails. The Complaint was not sufficient to give notice of removability. The case did not become removable until Plaintiff produced the purchase contract, and Defendant removed 30 days thereafter. Removal was therefore timely.

**B. Defendant Has Failed to Establish Plaintiff's Citizenship.**

Plaintiff also argues that Defendant did not establish complete diversity because it failed to establish his citizenship. Plaintiff's Complaint does not allege his residence, domicile, or citizenship. Defendant alleges that Plaintiff is a citizen of California based on the vehicle purchase contract providing a California

address. Although "[i]t is assumed … that a person's current residence is also his domicile," Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §3612 (3d. ed. 2013), the contract that Defendants rely upon was signed on July 26, 2018, which is about 22 months before Defendant removed the case. Defendant has not shown that such evidence is sufficient to establish Plaintiff's *current* residence as of the time of removal. Removal statutes are "strictly construe[d] against removal [] so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. []" *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The Court therefore concludes that Defendant has not met its burden of establishing Plaintiff's citizenships, so it has not established federal jurisdiction over this action. The Court **GRANTS** the Motion for Remand.

The Court finds that the removal was neither objectively unreasonable nor frivolous, and declines to award Plaintiff his attorneys

## II.   CONCLUSION

Plaintiff's Motion for Remand is **GRANTED**, and this action is hereby **REMANDED** back to the state court from which it was removed.

**IT IS SO ORDERED**.